UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIDWAY TRUCK PARTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 CV 9060 |
| | ) | |
| v. | ) | |
| | ) | Judge Edmond E. Chang |
| FEDERATED INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Midway Truck Parts, Inc. alleges that Defendant Federated Mutual Insurance Co.[1] must indemnify Midway, under its employee theft insurance policy, for an employee theft that Midway discovered after the Federated Policy expired.[2] Federated moves for summary judgment on all counts [R. 25]. For the following reasons, Federated's motion is granted.

**I.**

In deciding this summary judgment motion, the Court views the evidence in the light most favorable to the non-movant, Midway. Federated issued Midway a commercial lines insurance policy that was effective from October 6, 2008 to October 6, 2009. R. 27, Def.'s Stmt. of Facts (DSOF) ¶ 5. The Federated Policy contained a Crime and Fidelity Coverage Part with a limit of $250,000 per occurrence for employee

---

[1]Defendant is incorrectly captioned as "Federated Insurance Co."

[2]The Court has jurisdiction over this case under 28 U.S.C. § 1332. Although Defendant did not attach the complaint to its Notice of Removal [R. 1], 28 U.S.C. § 1446(a), the answer to the complaint recites the complaint's allegations, R. 8. The notice of removal does correctly allege corporate citizenship of the parties: Plaintiff is an Illinois citizen and Defendant is a Minnesota citizen.

theft. *Id.* ¶ 6. The Crime and Fidelity Coverage Part actually permits coverage for an employee theft that is discovered after the insurance's cancellation, but this extended time period is limited:

> **E. Conditions**
>
> The following Conditions apply in addition to the Common Policy Conditions:
>
> **1. Conditions Applicable to All Insuring Agreements**
>
> \* \* \*
>
> **g. Extended Period To Discover Loss**
>
> We will pay for loss that you sustained prior to the effective date of cancellation of this insurance, which is "discovered" by you:
>
> > (1) No later than 1 year from the date of that cancellation. However, this extended period to "discover" loss terminates immediately upon the effective date of any other insurance obtained by you, whether from us or another insurer, replacing in whole or in part the coverage afforded under this insurance, whether or not such other insurance provides coverage for loss sustained prior to its effective date.

R. 27-1, Def.'s Exh. A, Commercial Crime Coverage Form ¶ E.1.g(1).

With October 6, 2009 approaching—the date the Federated Policy Period ended—Midway purchased an insurance policy from Travelers Casualty and Surety Company of America, which was effective from October 6, 2009 to October 6, 2010.[3] DSOF ¶ 12. The Travelers Policy provided employee theft coverage with a limit of $500,000. *Id.* On September 30, 2010, Midway discovered that a former employee had

---

[3]Midway did not cancel the Federated Policy. R. 29, Pl.'s Stmt. of Facts ¶ 8.

stolen around $1 million from Midway, so Midway notified both Federated and Travelers. *Id.* ¶¶ 9-11, 13. Travelers paid Midway its policy limit of $500,000. *Id.* ¶ 13. Federated declined to pay the claim, advising Midway that its "coverage terminated on October 6, 2009." R. 27-4, Def.'s Exh. D; *see also* DSOF ¶ 14.

## II.

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008).

## III.

### A.

Generally speaking, the Federated Policy only covers "loss that you [the insured] sustain . . . which is 'discovered' by you *during* the Policy Period shown in the Declarations or during the period of time provided in the Extended Period to Discover Loss Condition." Commercial Crime Coverage Form ¶ A (emphasis added). The parties agree that the employee theft at issue here was discovered *after* the Policy Period, so coverage depends on the Extended Period provision quoted above. *See* DSOF ¶ 10.

3

Although the Extended Period provides coverage for employee thefts discovered during a one-year "tail" period following the Policy Period, it "terminates immediately upon the effective date of any other insurance obtained by [the insured], whether from us or another insurer, *replacing in whole or in part* the coverage afforded under this insurance." Commercial Crime Coverage Form ¶ E.1.g(1) (emphasis added).

The parties argue over the meaning of the term "replacing," as that term is used as the trigger for the termination of the Extended Period. Federated asserts that the term "replac[e]" is unambiguous: the Travelers Policy "replaced" the Federated Policy because it served as a substitute insurance policy. *See* R. 26, Def.'s Mem. at 5-6. So, because the Travelers Policy began on the same date that the Federated Policy ended, the Extended Period terminated on the effective start-date of the Travelers Policy, which coincided with the end-date of the Federated Policy. In response, Midway contends that "replac[e]" is ambiguous and offers this interpretation: "[a]n Insured 'replaces' coverage where during the policy period the insured elects to terminate the policy prior to the scheduled expiration date and purchases coverage from a second insurer for the same period which the first policy covered." R. 28, Pl.'s Resp. at 6. Because the Travelers Policy effective period was separate and distinct from Federated's, Midway argues, the Extended Period supposedly did not terminate once Midway purchased the Travelers Policy.

The parties agree that Illinois state law governs the analysis. Under Illinois law, "[t]he construction of an insurance policy and a determination of the rights and obligations thereunder are questions of law for the court which are appropriate

4

subjects for disposition by way of summary judgment." *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 620 N.E.2d 1073, 1077 (Ill. 1993). When construing an insurance policy, the primary objective, as with any contract, is to give effect to the intent of the parties, *Gallagher v. Lenart*, 874 N.E.2d 43, 58 (Ill. 2007), "with due regard to the risk undertaken, the subject matter that is insured and the purposes of the entire contract." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1212 (Ill. 1992). To do that, "[a] court will first look to the language of the contract itself to determine the parties' intent," which is determined by viewing each provision in light of the other provisions. *Thompson v. Gordon*, 948 N.E.2d 39, 47 (Ill. 2011).

Moreover, "[i]f the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." *Cent. Ill. Light Co. v. Home Ins. Co.*, 821 N.E.2d 206, 213 (Ill. 2004). But if the words used in the policy are susceptible to more than one reasonable interpretation, they are ambiguous and will be strictly construed against the insurer. *Outboard Marine*, 607 N.E.2d at 1212. Contract terms are not rendered ambiguous merely because the parties disagree on their meaning. *Cent. Ill. Light Co.*, 821 N.E.2d at 214.

The Court agrees with Federated that the term "replac[e]" as used in the Extended Period to Discover Loss Condition is not ambiguous. Granted, Midway is correct in pointing out that the Federated Policy does not expressly define "replac[e]." But when an insurance policy does not define a term, a court must accord them their "plain, ordinary, and popular meanings," and one way to do that is to consult a dictionary. *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 860 N.E.2d 307, 316 (Ill.

5

2006). *Webster's Third New International Dictionary*[4] defines "replace" as "to take the place of: serve as a substitute for or successor of: succeed, supplant." *Webster's Third New International Dictionary* 1925 (1986). Furthermore, "replacing in whole or in part" modifies "the coverage afforded under this insurance" in the Federated Policy when read in light of its surrounding provisions. *See* Commercial Crime Coverage Form ¶ E.1.g(1). Because the Federated Policy provides coverage against employee theft, the plain meaning of this provision indicates that the Extended Period ends as soon as the (former) insured purchases substitute employee theft insurance and that substitute insurance becomes effective.

Midway's proffered interpretation is not a reasonable interpretation. "[T]o the extent that a contract is susceptible of two interpretations, one of which makes it fair, customary, and such as prudent persons would naturally execute, while the other makes it inequitable, unusual, or such as reasonable persons would not be likely to enter into, the interpretation which makes a rational and probable agreement must be preferred." *Foxfield Realty Inc. v. Kubala*, 678 N.E.2d 1060, 1063 (Ill. App. Ct. 1997). Under Midway's interpretation, a new policy can only "replace" the old policy when the insured elects to terminate the policy before the expiration date and the new policy insures the same effective period as the old one. *See* Pl.'s Resp. at 6. If Midway is right, aside from when this limited set of circumstances occurs, Federated has obligated itself to pay its policy limits for an Extended Period—one where it collects no insurance

---

[4]*Webster's Third New International Dictionary* has been cited by the Illinois Supreme Court's when interpreting contracts. *See, e.g.*, *Founders Ins. Co. v. Munoz*, 930 N.E.2d 999, 1005 (Ill. 2010); *Traveler's Ins. Co. v. Eljer Mfg., Inc.*, 757 N.E.2d 481, 496 (Ill. 2001).

premiums—at the same time that its former policyholder pays premiums to one of Federated's competitors for substantially similar coverage (as is the case here). In contrast, Federated's proposed interpretation has reasonable implications: Federated will not have to cover the loss because its former policyholder will receive substantially similar insurance coverage elsewhere with no gap in coverage. The Court will "construe [this] contract reasonably to avoid absurd results." *Kubala*, 678 N.E.2d at 1063.

Midway contends that under the reasonable expectations doctrine, the Court should instead honor Midway's objectively reasonable expectations when construing the Federated Policy. Pl's Resp. at 7. Illinois law, however, disfavors the reasonable expectations doctrine. *Smagala v. Owen*, 717 N.E.2d 491, 496 (Ill. App. Ct. 1999) ("The reasonable expectations test has been rejected by the courts of this state."). At best, the reasonable expectations doctrine is used as a tool of construction in assessing the intent of the parties when a contract is ambiguous, which is not the case here. *Id.* at 497.

Here, the parties do not dispute that Midway purchased a Travelers insurance policy that took effect on October 6, 2009—the exact date that the Federated Policy's effective period ended. DSOF ¶¶ 5, 12. Nor do they dispute that the Travelers Policy provided similar employee theft coverage as the Federated Policy. *See id.*; *see also* R.27-3, Def.'s Exh. C (the Travelers Policy). Finally, they do not dispute that Midway, after discovering the employee theft during the effective period of the Travelers Policy, sought payment from Travelers and actually received it. DSOF ¶¶ 10, 13. These uncontested facts show that Midway purchased the Travelers Policy to "take the place

7

of," "serve as a substitute for," or "supplant" the Federated Policy in whole or in part. So once Midway acquired the Travelers Policy as replacement insurance for the Federated Policy, Federated's Extended Period to Discover Loss terminated. Accordingly, Federated has no duty to indemnify Midway for its employee's theft.

**B.**

In its January 17, 2013 order, the Court raised the possibility that the Extended Period might not apply at all; by its terms, the Extended Period appears to be triggered only by cancellations of the policy (as possibly distinct from non-renewals of the policy), and the parties agree that the Federated Policy was not cancelled. *See* R. 44. The parties have filed supplemental briefs addressing that issue [R. 45, R. 47]. Because the Court concludes that the Extended Period terminated once the Travelers Policy became effective, the Court need not decide whether the Extended Period applies (because even if the Extended Period is not limited to policy cancellations, "replac[e]" is not ambiguous). Either way, the Court grants Federated's motion for summary judgment [R. 25].

8

**IV.**

Because the Court grants Federated's motion for summary judgment, and does so on the basis that the policy meaning is clear, no additional discovery is warranted. *See* R. 24. Judgment is entered for the Defendant.

ENTERED:

_____
Honorable Edmond E. Chang
United States District Judge

DATE: February 4, 2013